# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTIN
    JUDGE

## LETTER OPINION

January 14, 2010

James Langton
Langton & Alter, Esqs.
2096 St. Georges Avenue
P.O. Box 1798
Rahway, New Jersey 07065
    (*Attorney for Plaintiff*)

Vernon Norwood
Social Security Administration
26 Federal Plaza
Room 3094
New York, New York 10278
    (*Attorneys for Defendant*)

      **RE:**    **Soto v. Commissioner of Social Security**
            **Civ. No. 08-5829 (WJM)**

Dear Counsel:

    Plaintiff Luz N. Soto brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking review of a final determination by the Commissioner of Social Security (the "Commissioner") denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") Benefits.  On appeal to this Court, Plaintiff contends that the Commissioner's administrative decision disallowing her claim is not supported by substantial evidence and must be reversed or remanded.  After consideration of the parties' filings and the law, and for the reasons set forth below, the Commissioner's decision will be **VACATED** and **REMANDED** for reconsideration

consistent with this opinion.

## I. BACKGROUND

Plaintiff filed an SSI application and a DIB claim on November 21, 2005. The filings alleged disability based on both physical and mental impairments. Plaintiff alleges disability as of June 15, 2003 and claims to be unable to perform work or gainful employment.

Administrative Law Judge ("ALJ") Donna Krappa denied Plaintiff's claim on May 28, 2008, finding that Plaintiff retained the residual functional capacity ("RFC") to perform jobs that existed in significant numbers in the national economy and thus was not disabled. Plaintiff then filed a request for review of the ALJ's decision with the Appeals Council, which was denied on October 31, 2008. On November 26, 2008, Plaintiff filed an action in this Court against the Commissioner, seeking reversal of the ALJ's decision denying benefits.

## II. STANDARD OF REVIEW

For the purpose of this appeal, the court conducts a plenary review of the legal issues. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir.1999). The factual findings of the ALJ are reviewed "only to determine whether the administrative record contains substantial evidence supporting the findings." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir.2000). When substantial evidence upon which the ALJ can base his factual findings exists, this Court must abide by the ALJ's determinations. *See id.* (citing 42 U.S. § 405(g)). Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir.2004) (quoting *Jesurum v. Sec'y of the U.S. Dep't of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir.1995)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

Under the substantial evidence standard, the court is required to review the record as a whole. *Schaudeck*, 181 F.3d at 431. If there is more than one rational interpretation of the evidence in the record, this Court must accept the conclusions of the ALJ and affirm the decision. *See Izzo v. Comm'r of Soc. Sec.*, 186 Fed. Appx. 280, 284 (3d Cir. 2006) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The Court is "not permitted to weigh the evidence or substitute [its] own conclusions for that of the fact-finder." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir.2002) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir.1992)). Overall, the substantial evidence standard is a deferential standard of review, which requires deference to inferences drawn by the

ALJ from the facts, if they are supported by substantial evidence. *Schaudeck*, 181 F.3d at 431.

### III. DISCUSSION

Plaintiff now appeals the Commissioner's administrative decision, denying her claim for benefits. Specifically, Plaintiff contests the Commissioner's findings at steps three, four, and five of the sequential analysis on the basis that they are insufficiently explained and unsupported by substantial evidence.

#### A. The Five-Step Sequential Analysis

At the administrative level, a five-step process is used to determine whether an applicant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairments qualify as "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment or impairments, the Commissioner inquires in step three as to whether the impairment or impairments meet or equal the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment(s), the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91-92 (3d Cir.2007) (citations omitted).

#### B. Step Three: Whether Plaintiff's Impairment Meets or Equals a Listed Impairment

The regulations state that if the claimant has "a combination of impairments, no one of which meets a listing ... [the ALJ] will compare [the claimant's] findings with those for closely analogous listed impairments." 20 C.F.R. § 404.1526(b)(3). In order to find that a combination of impairments is medically equivalent to one in the Listing of Impairments, it must be "at least of equal medical significance." *Id.* The ALJ had an

3

obligation to review the record and make a determination of whether the ailments in combination were equal to any of the enumerated impairments. 20 C.F.R. §§ 404.1520(d), 416.920(d).

In her step three analysis, the ALJ found that Plaintiff's impairments, whether considered individually or in combination, did not meet or medically equal any of the listed impairments found in 20 CFR Part 404, Subpart P, Appendix 1. Plaintiff attacks this finding, arguing that it is both unexplained in the decision and unsupported by the evidence in the record. After a thorough reading of the ALJ's decision and consideration of the evidence in the record, the Court agrees that the ALJ's step three analysis is insufficient.

The Third Circuit has explained that "the ALJ [is required] to set forth the reasons for his decision." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir.2000) (citing *Cotter v. Harris*, 642 F.2d 700, 704-05 (3d Cir.1981)). If the ALJ merely "state[s] a summary conclusion that appellant's impairments did not meet or equal any Listed Impairment, without identifying the relevant listed impairments, discussing the evidence, or explaining his reasoning," she risks reversal unless his decision was otherwise supported by substantial evidence. *Id.* In short, a "conclusory statement [denying liability at step three which] is beyond meaningful judicial review" will, in most circumstances, justify remand. *Id.* In making his decision, the ALJ is not required to use any particular language, as long as there is "sufficient development of the record and explanation of findings to permit meaningful [judicial] review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir.2004).

Here, the ALJ's conclusory statement that Plaintiff's impairments do not meet or equal any of the Listed Impairments fails to provide sufficient reasoning to allow this Court to engage in meaningful review. At step two of her analysis, the ALJ found that Plaintiff had four severe impairments – affective disorder, asthma, carpal tunnel syndrome, and hypertension. (Tr. 27.) While the ALJ states that she considered those sections of the Listing of Impairments that pertain to these ailments at step three, she puts forth no reasoning to substantiate this consideration.[1] It is the ALJ's "responsibility ... to

---

[1] The ALJ's step three decision provided in its entirety that:

> "In making this finding, I have given particular consideration to Sections 12.04, et seq., Affective Disorders; 3.03, et seq., Asthma; 1.00, et seq., Musculoskeletal System; 4.00, et seq., Cardiovascular System). Despite the claimant's impairments, I find that the medical evidence does not document listing-level severity; furthermore, no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, individually or in combination." (Tr. 27.)

4

identify the relevant listed impairment(s)" and "'develop the arguments both for and against granting benefits.'" *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 n.2 (3d Cir. 2000). While the ALJ may have internally engaged in this analysis, she failed to set forth reasoning in her written decision to demonstrate why Plaintiff's impairments both individually and in combination fail to meet the requirements for any listing.

The Court is mindful that the ALJ need not "use particular language or adhere to a particular format in conducting his analysis." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). Thus, the Court did not limit itself solely to the paragraph explicitly dealing with step three in looking for reasoning to support the page three decision. *See Jones*, 364 F.3d at 505 (reading the ALJ's decision "as a whole" in weighing whether ALJ "considered the appropriate factors in reaching the conclusion that [the claimant] did not meet the requirements for any listing."). Instead, the Court looked to the decision as a whole. On page 9, the ALJ appears to consider one subset of factors set forth in Listing 12.04 for an "affective disorder" and finds that Plaintiff has not demonstrated the requisite severity of symptoms. (Tr. 32.) This finding, however, pertains solely to one part of the "affective disorder" analysis and does not consider this impairment in combination with the others. Further, there is no discussion of the asthma, carpal tunnel, or hypertension factors to be found elsewhere in the decision.

Accordingly, this matter shall be remanded to allow the ALJ to fully develop the record and explain her findings at step three, including an analysis of whether Plaintiff's affective disorder, asthma, carpal tunnel, and hypertension both individually and in combination are equivalent in severity to one of the listed impairments.[2]

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's analysis erred at the third step of the five-step sequential analysis. Accordingly, the decision of the ALJ is **VACATED** and **REMANDED** for reconsideration consistent with this opinion. An appropriate order follows.

/s/ William J. Martini
**William J. Martini, U.S.D.J.**

---

[2] The Court notes that Plaintiff also appealed the ALJ's step four and five determinations; however, recognizing that the ALJ's reconsideration of step three may affect her analysis and explanation for findings at steps four and five, the Court will not address these steps at this time.